# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10636
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LISA FAULKNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-12-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lisa Faulkner appeals the sentence imposed following her guilty plea conviction for wire fraud. Faulkner argues that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) because the offense involved sophisticated means. We review the district court's factual determination that Faulkner used sophisticated means for clear error. *See United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10636

Faulkner created fictitious room revenue credits using the house account and issued these refunds to her personal accounts. The majority of these refunds corresponded to the current nightly room rate and taxes. Faulkner's scheme "made it more difficult for the offense to be detected," *United States v. Valdez*, 726 F.3d 684, 695 (5th Cir. 2013), insofar as she created fictitious refunds, keyed the refund amounts to the current room rates, and deposited the refunds into four different personal accounts. Given these facts, the district court's application of the enhancement was not clear error. *See Conner*, 537 F.3d at 492. Further, we are satisfied that, given the record, the Government has carried its burden of demonstrating that any error was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010).

AFFIRMED.